LUZUNARIS, DEMANDANTE Y APELADA, *v.* DÍAZ, DEMANDADO Y
APELANTE.

APELACIÓN procedente de la Corte de Distrito de Guayama
en causa sobre alimentos provisionales.

No. 1339.—Resuelto en marzo 31, 1916.[1]

ALIMENTOS PROVISIONALES—PENSIÓN DE $60 MENSUALES—RECURSOS DEL PADRE—
NECESIDADES DEL HIJO.—Examinada la prueba en este caso, se resolvió que
dada la buena posición económica del padre, la pensión de $60 mensuales
señalada a su menor hijo para alimentos es proporcionada a los recursos del
que ha de darla y a las necesidades del que ha de recibirla, según prescribe
el artículo 216 del Código Civil.

ID.—REQUISITOS INDISPENSABLES PARA LA APLICACIÓN DEL ARTÍCULO 215 DEL CÓ-
DIGO CIVIL—CARENCIA DE BIENES DE FORTUNA.—Son requisitos indispensables
para la aplicación del artículo 215 del Código Civil: 1º. Que recaiga sobre
dos o más personas la obligación de dar alimentos; y 2º. Que esas personas
tengan bienes de fortuna, pues sólo así podrá repartirse el pago de la pen-
sión en cantidad proporcionada al caudal respectivo.

ID.—OBLIGACIÓN MANCOMUNADA DE DAR ALIMENTOS—FALTA DE BASE PARA ESTI-
MARLA.—Cuando la obligación de dar alimentos pesa sobre dos personas y una
de ellas posee bienes bastantes de fortuna y la otra carece en absoluto de
bienes, sobre aquélla pesa exclusivamente el cumplimiento de la obligación,
por faltar base para que el pago de la obligación se reparta entre ambos en
cantidad proporcionada al caudal respectivo.

ID.—SOCIEDAD DE GANANCIALES—DIVORCIO—OBLIGACIÓN DEL PADRE DE DAR ALI-
MENTOS.—El precepto del artículo 1323, No. 5º., del Código Civil, es inapli-
cable a un caso como el de autos, en que el menor tiene padre vivo con bienes
bastantes de fortuna para darle alimentos, pues no cabe interpretarlo en el
sentido de que la sociedad conyugal constituída por el segundo matrimonio
de la madre, esté obligada al sostenimiento y educación del menor nacido
bajo la anterior sociedad disuelta por divorcio, ya que tal interpretación
estaría en contradicción con el artículo 176 del Código Civil.

---

[1] En abril 13, 1916, denegada reconsideración.

ID.—HONORARIOS DE ABOGADO.—De acuerdo con el artículo 327 del Código de En-
juiciamiento Civil tal como quedó enmendado por la ley de marzo 12, 1908,
es requisito indispensable para el abono del importe de honorarios que la
materia litigiosa exceda de $500. No excede de esta suma la cuantía cuando
sólo se reclaman al demandado alimentos provisionales en cantidad de $100
mensuales.

ID.—INTERPRETACIÓN DE LEYES.—Las leyes que conceden costas no deben ser in-
terpretadas más allá de su sentido literal, sino que hay que interpretarlas
estrictamente.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Miguel Guzmán Texidor.*

Abogado del apelado: *Sr. C. Domínguez Rubio.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto por el demandado contra sentencia que en 19 de febrero de 1915 pronunció la Corte de Distrito de Guayama por la que lo condena a pasar a la demandante, Carolina Luzunaris, como representante de su hijo menor Ignacio Ramón Díaz, la cantidad de $60 mensuales, en concepto de pensión alimenticia, pagaderos por trimestres adelantados, con más las costas y honorarios de abogado.

Aléganse en la demanda, su fecha 25 de julio de 1914, como hechos determinantes de la acción, los siguientes:

1°. Que demandante y demandado están separados en virtud de sentencia firme de divorcio dictada hacia el año de 1903 por la Corte de Distrito de Humacao, habiendo quedado bajo el cuidado y patria potestad de la demandante el menor Ignacio Ramón Díaz y Luzunaris, hijo legítimo procreado en el matrimonio de ambos.

2°. Que por sentencia de 19 de noviembre de 1907 fué condenada Rufina Molinaris y Sánchez, en su carácter de abuela paterna de Ignacio Ramón Díaz y Luzunaris, a satisfacer a este por vía de alimentos la suma de $25 mensuales por resultar entonces insolvente el demandado Ramón Pastor Díaz y Molinaris.

3°. Que en el año 1914, próximo a la pubertad el menor

expresado, la corte de Guayama aumentó la pensión alimenticia que venía satisfaciendo la abuela paterna, Rufina Molinaris, a la cantidad de $50.

4°. Que con fecha 3 de julio del año 1914 falleció Rufina Molinaris y Sánchez, cesando así su obligación personalísima de pagar al menor la pensión alimenticia de $50.

5°. Que la demandante, casada en segundas nupcias con J. Júdice, oficial ayudante de la Jefatura de la Policía Insular, carece de bienes propios, mientras que el demandado es propietario y rentista, y disfruta un patrimonio no menor de $100,000 procedente no sólo de bienes paternos hereditarios o adquiridos por su industria, sino también por legítima materna de su madre Rufina Molinaris, fallecida.

6°. Que el menor Díaz y Luzunaris ha menester cursar una carrera científica en una universidad acreditada de los Estados Unidos, y para ese fin, y para cubrir todas sus necesidades, necesita prudencialmente la cantidad de $100 mensuales.

La demanda concluye con la súplica de que sea condenado el demandado a satisfacer a su legítimo hijo Ignacio Ramón Díaz y Luzunaris, alimentos provisionales hasta la cantidad de $100 mensuales, por adelantado, a partir desde 1°. de agosto de 1914, con más las costas, gastos y honorarios razonables del abogado de la demandante.

El demandado, al contestar la demanda, aceptó los hechos consignados en ésta, menos los relativos a que sea propietario y rentista; a que tenga el capital que se le atribuye, y a que su hijo menor necesite cursar una carrera científica en los Estados Unidos.

Celebrado el juicio, la corte pronunció sentencia en los términos que al principio dejamos indicados, siendo ella la materia del presente recurso.

Alega la parte apelante como motivos del recurso, los siguientes:

I. Que la corte cometió error en la apreciación de las pruebas, por no sostener éstas la sentencia dictada en el caso.

II. Que la corte cometió error al condenar al demandado

a pasar a su hijo una pensión alimenticia de $60 mensuales, sin dar aplicación al artículo 215 del Código Civil.

III. Que también cometió error la corte al conceder a la demandante el cobro de honorarios de abogado, con infracción de la ley sobre la materia, que sólo autoriza tal condena cuando la cuantía litigiosa excede de quinientos dollars.

Al considerar el primer motivo del recurso se hace innecesario hacer un detenido análisis de todas las pruebas practicadas en el juicio; bástanos consignar el resultado de las que por sí solas sostienen la sentencia apelada.

La evidencia demuestra:

Que el demandado Ramón Pastor Díaz y Molinaris administra una finca de la sucesión Argüeyes, ganando $100 mensuales.

Que el demandado tenía en el año de 1896 un haber por herencia paterna de 55,861 pesos 77 centavos moneda provincial, que dan más de $30,000, consistentes en bienes que el demandado dice haber vendido por unos $20,000, dinero que colocó primero en depósito y luego gastó poco a poco.

Que el abogado Francisco Cervoni Gely demandó a Ramón Pastor Díaz y Molinaris reclamándole $500 por honorarios, en remuneración de servicios profesionales que le había prestado, y a pesar de habérsele dicho que era insolvente, le embargó bienes consistentes en bueyes, caballos, y coches, consiguiendo así que le pagara la suma reclamada.

Que muerta Rufina Molinaris en 3 de julio de 1914, fueron declarados herederos de la misma por resolución de la Corte de Distrito de Guayama de 14 de agosto de 1914, sus tres hijos legítimos, entre éstos el demandado, y además el viudo Manuel Cividanes Alonso por su cuota vidual, no habiéndose practicado aún las operaciones divisorias del caudal relicto.

Que aunque muchos de los bienes de la viuda Rufina Molinaris fueran poseídos por ésta únicamente en usufructo, también hay otros que eran de su exclusiva propiedad, según el registro, a saber: (*a*) una finca de 310 cuerdas de terreno,

con valor de $10,101.35. (*b*) Una participación de condominio en otra finca de 442 cuerdas, cuya participación con dos más en otras dos fincas, hubo la Rufina Molinaris de su hijo el. demandado por precio de $6,000. (*c*) Una casa radicada en la calle Nueva de Guayama, con valor de $2,375. (*d*) Un condominio de 43 centésimas partes y 151,275 millonésimas en 27 porciones de terreno cuyo condominio adquirió Rufina Molinaris por precio de $31,728.86. Esas partidas dan un total superior a $50,000.

Que después de muerta su madre el demandado pasaba a su hijo voluntariamente la pensión mensual de $25.

Que Ignacio Ramón Díaz y Luzunaris, joven de 14 a 15 años, cursaba el 7° grado de *grammar school* en Brooklyn, ciudad de New York, no bastándole la pensión que se le pasaba para hacer frente a sus gastos de sostenimiento y educación.

Opinamos que los méritos probatorios que dejamos expuestos son bastantes para demostrar que Ramón Pastor Díaz y Molinaris se encuentra en una buena posición económica, según ha estimado la corte inferior, y que lejos de ser excesiva la pensión de $60 mensuales señalada a su menor hijo para alimentos, es proporcionada a los recursos del que ha de darla y a las necesidades del que ha de recibirla, según prescribe el artículo 216 del Código Civil. Es verdad que Ignacio Ramón Díaz y Luzunaris no cursa actualmente estudios superiores o universitarios, pero necesita prepararse para ellos con dicha pensión según los deseos racionales de su madre, en armonía con la posición social de la familia así paterna como materna.

No hay razón alguna que nos lleve a ir contra la apreciación que de las pruebas ha hecho la corte inferior.

Examinemos el segundo motivo del recurso.

El artículo 215 del Código Civil que se invoca como aplicable al presente caso, dice así:

"Art. 215.—Cuando recaiga sobre dos o más personas la obligación de dar alimentos, se repartirá entre ellos el pago de la pensión en cantidad proporcionada a su caudal respectivo * * *."

Son requisitos indispensables para la aplicación de dicho artículo: 1. Que recaiga sobre dos o más personas la obligación de dar alimentos; 2. que esas personas tengan bienes de fortuna, pues sólo así podrá repartirse el pago de la pensión en cantidad proporcionada al caudal respectivo.

En el presente caso no concurre el segundo requisito pues Carolina Luzunaris alegó en la demanda que carece de bienes de fortuna, y el demandado aceptó tal alegación.

Teniendo como tiene bienes de fortuna el demandado, y careciendo de ellos Carolina Luzunaris, o, siendo como es aquél rico y ésta pobre, claro es que sobre el demandado pesa exclusivamente el cumplimiento de la obligación de que se trata. Falta base para que el pago de la pensión se reparta entre ambos en cantidad proporcionada a su caudal respectivo.

Huelga considerar para la decisión del recurso, si la obligación de los padres de dar alimentos a sus hijos es absoluta o subsidiaria por parte de la madre, exigible a ésta solamente cuando el padre careciere de medios o se hallare incapacitado para suministrar los alimentos. La consideración de esa cuestión legal a ningún fin práctico conduciría, careciendo como carece Carolina Luzunaris de bienes de fortuna, y siendo, por tanto, exigible únicamente al demandado, que los tiene, la obligación de prestar alimentos a su hijo.

Se invoca por la parte apelante el artículo 1316 del Código Civil que define en su número 2 como bienes gananciales los obtenidos por la industria, sueldo o trabajo de los cónyuges o de cualquiera de ellos, y se saca la consecuencia de que percibiendo el actual esposo de Carolina Luzunaris como oficial de la Policía Insular, un sueldo de $130 mensuales, Carolina Luzunaris debe contribuir con el esposo divorciado al cumplimiento de la obligación de dar alimentos a su hijo.

Estamos conformes con la premisa, pero no aceptamos la consecuencia. Carolina Luzunaris y su actual esposo J. Júdice, oficial de la Policía Insular constituyen actualmente una sociedad de gananciales distinta de la que aquélla cons-

tituyó con su esposo divorciado Ramón Pastor Díaz Molinaris, ya disuelta.  Entre las cargas de la sociedad Júdice-Luzunaris sólo podría citarse con relación al caso la del No. 5 del artículo 1323 del Código Civil, preceptivo de que serán de cargo de la sociedad de gananciales "el sostenimiento de la familia y la educación de los hijos comunes y de los legítimos de uno solo de los cónyuges.

El precepto transcrito es inaplicable al presente caso en que Ignacio Ramón Díaz tiene padre vivo con bienes bastantes para darle alimentos.  No cabe interpretarlo en el sentido de que la sociedad conyugal Júdice-Luzunaris esté obligada al sostenimiento y educación del menor Díaz Luzunaris, nacido bajo la sociedad cónyugal Díaz-Luzunaris, pues tal interpretación nos llevaría a la conclusión absurda de que a virtud del divorcio de los esposos Díaz Molinaris y Carolina Luzunaris, a que el esposo dió lugar, había quedado libre Pastor Díaz de una obligación que la ley y la naturaleza le imponen de consuno, conclusión que está en contradicción con el precepto del artículo 176 del Código Civil que dice así:

"Art. 176.—El divorcio no privará en ningún caso a los hijos nacidos en el matrimonio, de ninguno de los derechos o ventajas que por la ley les están señalados o que les correspondan por razón del matrimonio de sus padres, pero tales derechos no podrán ser reclamados excepto de la manera y bajo las circunstancias en que su reclamación hubiese procedido si el divorcio no hubiese tenido lugar."

No es, pues, de estimarse el segundo motivo del recurso.

En cuanto al tercer motivo, debemos tener en cuenta el artículo 327 del Código de Enjuiciamiento Civil, tal como fué enmendado por Ley de 12 de marzo de 1908.

Ese artículo previene que en todos los casos en que en un pleito o procedimiento se conceden las costas a una parte, si la materia litigiosa excede de $500, tendrá ésta el derecho de que se le abone por la parte condenada el importe de los

honorarios que haya devengado el abogado de la primera por sus servicios.

Es requisito indispensable para el abono del importe de honorarios que la materia litigiosa exceda de $500.

En el presente caso la cuantía de la reclamación no excede claramente de dicha suma, pues sólo se reclaman al demandado alimentos provisionales en cantidad de $100 mensuales.

Las leyes que conceden costas no deben ser interpretadas más allá de su sentido literal sino que hay que interpretarlas estrictamente. *González* v. *Gromer,* y *Modesto et al.* v. *Sucesión Dubois,* 16 D. P. R. 1 y 745 respectivamente.

La doctrina establecida por este Tribunal Supremo en el caso de *Cautiño et al.* v. *Muñoz et al.,* 18 D. P. R. 881, no es aplicable al presente caso.

Por las razones expuestas es de confirmarse la sentencia apelada, menos en la parte relativa al pago de honorarios de abogado de la parte contraria.

> *Confirmada la sentencia apelada, menos en cuanto condena al demandado al pago de honorarios de abogado, cuyo pronunciamiento se revoca y se deja sin efecto.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.